EDWARD YOUNG, APPELLEE, V. CHI PSI CATTLE COMPANY, APPELLANT.

FILED JUNE 7, 1907. NO. 14,868.

Principal and Agent: LIABILITY FOR ACTS OF EMPLOYEE. A person or corporation cannot be held for goods sold and delivered to an employee in the absence of a showing that he was authorized to make the purchase and to bind the employer therefor.

APPEAL from the district court for Cherry county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*O. C. Tredway, Walcott & Morrissey* and *W. E. Gantt,* for appellant.

*Clarke & Easley, contra.*

DUFFIE, C.

The plaintiff and appellee, a merchant at Wood Lake, Nebraska, brought this action against the defendant corporation to recover an amount claimed to be due for goods sold and delivered. An itemized bill of the account is attached to the petition. Judgment went in favor of the plaintiff for $110.97, and defendant has appealed.

We think that the judgment must be reversed as being wholly unsupported by the evidence. One Ed Lewis was an employee upon the ranch of the defendant company, and the goods sold were purchased by him or by some employee upon the ranch on his direction. It is true the plaintiff testified that Lewis informed him the goods were purchased for and on account of the cattle company, but nowhere does it appear that he was empowered to act for the cattle company or to purchase these goods on its account. Some time prior to the commencement of this action plaintiff rendered a bill to Lewis for these same goods, and on November 26, 1904, O. C. Tredway, secretary and treasurer of the company, paid on said bill $120, which

amount was receipted on the bill in the following words: "Received of Ed Lewis by the hand of O. C. Tredway the sum of $120 on above bill, Nov. 26th, 1904. (Signed) Ed Young." Plaintiff and his wife both testify that at the time of paying this money Tredway stated that the remainder of the bill would be paid by the 1st of January next ensuing, and it was perhaps upon this evidence that the district court based its judgment. It is not shown or claimed that Tredway at the time admitted that the company was responsible for the goods, or that they were purchased for or on account of the company, and he denies in express terms that Lewis had authority to act for the company in the purchase of goods or to pledge the credit of the company for any purchase. That the bill was originally made out to Lewis is a strong circumstance tending to show that the goods were sold to him and on his own account. The character of the goods sold corroborates this view of the case, being mostly family supplies, including shirts, hose, cloaking, buttons, handkerchiefs, ribbons and other articles of wearing apparel, and supplies for the table. Again, it might be said that if Tredway, at the time of the payment of $120, had acknowledged liability of the company, the suit would have been brought on an account stated, and not for goods sold and delivered. If the goods were sold to Lewis on his own personal account, the promise of Tredway to pay the remainder due would be void under our statute of frauds and no liability would attach to such a promise.

We recommend a reversal of the judgment.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

REVERSED.